FILED
CLERK, U.S. DISTRICT COURT

MAR 2 1 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THE MADISON GROUP,           )     CASE NO.  CV 13-1723 UA (RZ)
                             )
            Plaintiff,       )
                             )     ORDER SUMMARILY REMANDING
      vs.                    )     IMPROPERLY-REMOVED ACTION
                             )
MORTON A. KAZMAN, M.D.,      )
                             )
            Defendant.       )
_____)

        The Court will remand this unlawful detainer action to state court because it was removed improperly.

        On March 11, 2013, Defendant Morton A. Kazman, M.D., having been sued in what appears to be a routine post-foreclosure unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*.  The Court has denied the latter application under separate cover because the action was not properly removed.  To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

        Simply stated, Plaintiff The Madison Group could not have brought this action in federal court in the first place, in that neither diversity jurisdiction nor federal-question jurisdiction exists, and therefore Defendant is not allowed to remove the action.

1   28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563,

2   125 S.Ct. 2611, 162 L.Ed.2d 502 (2005).  It is not clear whether Plaintiff is diverse from

3   Defendant, but Defendant does not appear to assert diversity jurisdiction in any event.  But

4   even if complete diversity of citizenship existed and if Defendant had relied upon such

5   jurisdiction, the amount in controversy in the removed action does not exceed the

6   jurisdictional threshold of $75,000.   On the contrary, Plaintiff's unlawful-detainer

7   complaint bears a caption indicating that the amount in controversy does not exceed

8   $10,000.  Also, because Defendant resides in the forum state, Defendant cannot properly

9   remove the action, at least to the extent diversity jurisdiction is asserted.  28 U.S.C.

10   § 1441(b).

11         Nor does Plaintiff's unlawful detainer action raise any federal legal question.

12   Defendant asserts in his Notice of Removal that the "Complaint presents federal

13   questions." He does not explain, and it is plain from a moment's glance at the three-page

14   complaint that it presents no federal legal questions.  "For better or for worse . . . a

15   defendant may not remove a case to federal court" based on a federal question "unless the

16   *plaintiff's complaint* establishes that the case 'arises under' federal law." *Franchise Tax*

17   *Bd. v. Construction Laborers Etc.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)

18   (emphasis in original).

19         Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the

20   Superior Court of California, Los Angeles County, for lack of subject matter jurisdiction

21   pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to

22   the state court; and (3) that the Clerk serve copies of this Order on the parties.

23         IT IS SO ORDERED.

24         DATED: 3/19/13

25

26

27                          GEORGE H. KING

                         CHIEF UNITED STATES DISTRICT JUDGE

28